ESTATE OF MARY H. HAYS, THOMAS J. HAYS AND RUBY HAYS THOMPSON, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15463.    Promulgated February 17, 1949.

*Ernest Kellner, Esq.*, for the petitioners.
*S. Earl Heilman, Esq.*, for the respondent.

212

OPINION.

LeMire, *Judge*: The respondent contends that the value of the trust property is includible in the decedent's gross estate for any one or all

of three reasons, namely: (1) Because of the grantor's reservation of a right of enjoyment of the income by having it applied against her obligation on the mortgage notes; (2) because of the grantor's reservation of a right to withhold the income from the beneficiaries; and (3) because of the grantor's reservation of the right to terminate the trust at any time. The material provisions of the law are set out in the margin.[1]

There would be little doubt as to the correctness of the respondent's action in including the value of the trust property in the decedent's gross estate under section 811 (c), if the income that was applied against the mortgage notes had been in satisfaction of the decedent's legal obligation. See *Helvering* v. *Mercantile-Commerce Bank & Trust Co.*, 111 Fed. (2d) 224; *Adriance* v. *Higgins*, 113 Fed. (2d) 1013; *Mathilde B. Hooper, Administratrix*, 41 B. T. A. 114. The respondent's position is that the decedent remained liable on the mortgage notes and that the payments made on them out of the trust income pursuant to the trust agreement were for her use and enjoyment within the meaning of the statute. The respondent refers to the following provisions of section 81.18 of Regulations 105:

The use, possession, right to the income, or other enjoyment of the property will be considered as having been retained by or reserved to the decedent to the extent that during any such period it is to be applied towards the discharge of a legal obligation of the decedent, or otherwise for his pecuniary benefit.

The petitioners counter with the argument that the decedent did not remain primarily liable on the mortgage notes after the transfer of the

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal * * *

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom ; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

(d) REVOCABLE TRANSFERS.—

(1) TRANSFERS AFTER JUNE 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person (without regard to when or from what source the decedent acquired such power), to alter, amend, revoke, or terminate, or where any such power is relinquished in contemplation of decedent's death ;

properties to the trust and that the payments made on the notes were not for her benefit, but were for the benefit of the trust.

At the time of the transfers to the trust there were five mortgage notes against the properties, four of which had been executed by and one assumed by the decedent. Presumably the decedent was primarily liable on all the notes. There is no showing or claim to the contrary. She transferred the properties to the trust subject to the mortgages and charged the trust with the duty of paying the mortgage notes either out of trust income or otherwise. There is nothing in the trust agreement or elsewhere in the evidence before us to show whether the grantor intended that the trust should assume the primary obligation on the mortgage notes or whether the grantor should remain primarily liable. There is no evidence that the mortgagee agreed to release the grantor from her obligation on the notes or to accept the trust as the primary debtor. The petitioners argue that under the laws of the State of Mississippi the trust, as grantee of the properties subject to the mortgages, became primarily liable on the mortgage notes by operation of law and that the decedent then became a surety with secondary liability.

There is support for the petitioners' argument that under the laws of the State of Mississippi the grantee of property subject to mortgage who assumes the mortgage debt becomes primarily liable therefor and that the mortgagor becomes a surety. See *Gilliam* v. *McLemore*, 141 Miss. 253; 106 So. 99. In the cited case the court stated the rule to be as follows:

* * * As between the mortgagor and the grantee, the grantee becomes the principal debtor primarily liable for the debt, and the mortgagor becomes a surety, with all the consequences flowing from the relation of suretyship. As between these two and the mortgagee, although he may treat them both as debtors and may enforce the liability against either, still, after receiving notice of the assumption, he is bound to recognize the condition of suretyship, and to respect the rights of the surety in all of his subsequent dealings with them. * * *

It is stated in 41 C. J. 733 that:

§ 783. The assumption of the mortgage by the grantee of the mortgaged premises does not deprive the mortgagee of any rights or remedies he possessed against the mortgagor, or release the latter from liability for the debt secured, or for any part thereof still unpaid, unless the mortgagee has expressly agreed to release him to accept the grantee as his debtor in place of the mortgagor. * * *

However, we do not think that our question here turns upon the nature of or the degree of the liability for payment of the mortgage notes as between the decedent and the trust estate. It is the reservation by the grantor of rights such as defined in the statute that determines its applicability. The reservation by a grantor of a right not

exhausted prior to his death to have any of the income of the trust paid to him directly requires the inclusion of the whole trust corpus in his estate. See *Estate of Ambrose Fry*, 9 T. C. 503. A right to have the trust income, or corpus, applied against an indebtedness which the grantor had incurred for his personal benefit would seem to be the equivalent of the "enjoyment" of or "the right to the income," whether his obligation to repay the borrowed money was primary or secondary. It could hardly be said that trust income used to repay a loan obtained by the grantor was not for the grantor's benefit when he has already received and enjoyed the funds represented by the loan. The evidence before us does not show for what purpose the decedent obtained the mortgage loans on the trust properties.

The fact that the payments made on the mortgage notes benefited the trust, in that they freed the trust properties of the burden of the mortgages, does not mean that they were not also for the benefit of the grantor. They may have been for the benefit of both, as would certainly have been the situation if under the trust agreement the grantor had remained primarily liable on the mortgage notes and the mortgagee had credited the payments of trust income to her debt. The grantor would have been benefited by having her debt paid and the trust by having its property cleared of encumbrances.

But even if the respondent is wrong in this contention, we think that he is right in his further contention that the decedent's reservation of a right to accumulate the income and to terminate the trust at any time amounted to a right "to designate the persons who shall possess or enjoy the property or the income therefrom" within the meaning of section 811 (c), as well as a right to change the enjoyment by exercise of a power to terminate the trust under subsection (d). *Commissioner* v. *Holmes' Estate*, 326 U. S. 480; *Commissioner* v. *Newbold's Estate*, 158 Fed. (2d) 694; *Estate of Milton J. Budlong*, 7 T. C. 756; affd. (on this point), *Industrial Trust Co.* v. *Commissioner*, 165 Fed. (2d) 142.

In *Commissioner* v. *Holmes' Estate*, *supra*, the Court said:

It seems obvious that one who has the power to terminate contingencies upon which the right of enjoyment is staked, so as to make certain that a beneficiary will have it who may never come into it if the power is not exercised, has power which affects not only the time of enjoyment but also the person or persons who may enjoy the donation. * * *

The above language from the *Holmes* case precisely fits the situation here, where the grantor had the power to terminate the trust at any time during her life so as to make certain that the present beneficiaries would come into the enjoyment of their shares of the trust estate—an

eventuality which might have been prevented by their failure to survive the grantor.

In the *Budlong* case, *supra*, we held that the right to withhold the income from the life beneficiaries and add it to trust corpus was a right "to designate the persons who shall possess or enjoy" the income within the meaning of section 811 (c).

It is immaterial, we think, for the purpose of our present discussion, that in the *Budlong* case the accumulated income was to go to persons other than the primary beneficiaries, if the trust continued for their lives and was not terminated earlier by the grantor. That would have been the situation here if a primary beneficiary had predeceased the grantor.

We see no merit in the petitioners' argument that the grantor here did not have the power, in her discretion, to withhold income distributions from the beneficiaries. The trust agreement clearly states that she had that right, and, further, that "the net income not distributed shall remain in and become a part of the trust estate." We find no error in the respondent's inclusion of the value of the entire trust properties in the decedent's gross estate.

*Decision will be entered under Rule 50.*